UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| TODD HORNBERGER, on behalf of himself and others similarly situated, | Case No.: _____ |
| Plaintiff, | Class Action |
| vs. | Jury Trial Demanded |
| MEDICREDIT, INC. and PARALLON BUSINESS SOLUTIONS, LLC | |
| Defendants. | |

**Nature of the Action**

1. Todd Hornberger ("Plaintiff") brings this class action against Medicredit, Inc. and Parallon Business Solutions, LLC (collectively, "Defendants") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

1

3. Upon information and belief, Defendants routinely violate 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an automatic telephone dialing system, without the prior express consent of the consumers, in that Defendants repeatedly dial wrong or reassigned telephone numbers that do not belong to the intended recipients of the calls.

4. To be sure, Medicredit, Inc. previously settled a class action in connection with which the plaintiff asserted claims under the TCPA nearly identical to those Plaintiff now asserts. *See Prater v. Medicredit, Inc. and The Outsource Group, Inc.*, No. 4:14-cv-00159-ERW, Doc. 89 (E.D. Mo. Dec. 7, 2015).

5. Section 1692d of the FDCPA provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*****

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

6. Upon information and good faith belief, Defendants routinely violate 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that they continue to call consumers for the purpose of debt collection even after being informed that they are calling the wrong person.

**Jurisdiction**

7. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Medicredit, Inc. resides in this District, and where a substantial part of the events giving rise to this action occurred in this District.

**Parties**

9. Plaintiff is a natural person who at all relevant times resided in Gainesville, Florida.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Medicredit, Inc. is a debt collection company with principal offices located in St. Louis, Missouri.

12. Medicredit, Inc. notes on its website that "[t]his communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for this purpose."[1]

13. Medicredit, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Parallon Business Solutions, LLC owns Medicredit, Inc.

15. Parallon Business Solutions, LLC is based in Tennessee.

16. Parallon Business Solutions, LLC touts that its "customer service professionals across the country speak to thousands of patients each day with one goal in mind: motivate those who can pay to take action to clear their balance in full while providing an empathetic customer-focused approach."[2]

---

[1]   http://medicreditcorp.com/home/ (last visited Jan. 3, 2017).

[2]   *See* http://www.parallon.com/services/revenue-cycle/solutions/bad-debt-collections (last visited Jan. 3, 2017).

17. Parallon Business Solutions, LLC states that it utilizes "best-in-class technology and automation to improve [] collection results."[3]

18. Parallon Business Solutions, LLC describes its bad debt collections business as a three-step process: (1) Load, link & scrub, (2) Score and segment, and (3) Customer experience.[4]

19. During the second step, "Score and segment," Parallon Business Solutions, LLC states that it utilizes its "scoring and segmentation methodology" and "accounts are strategically assigned to automated workflows proven to prompt the right response and result."[5]

### Factual Allegations

20. Medicredit, Inc. has a public Utility Commission of Texas Automatic Dial Announcing Device permit, no. 150005, which it first obtained in 2015 and last renewed in January 2017.[6]

21. In an attempt to contact a third party named "Gloria" for the purpose of attempting to collect a debt in default, Defendants placed numerous calls to cellular telephone number (352) 575-xxxx—a number for which Plaintiff is the sole subscriber.

22. By way of example, Defendants called Plaintiff's cellular telephone number on, among other dates, August 2, 2016, September 13, 2016, and September 26, 2016.

23. Upon information and good faith belief, Defendants' records will show additional calls made by it to Plaintiff's cellular telephone number with an automatic telephone dialing system.

---

[3]   *Id.*

[4]   *Id.*

[5]   *Id.*

[6]   *See* https://www.puc.texas.gov/industry/communications/directories/adad/report_adad.aspx?ID=ADSQL01DB1245703600001 (last visited Feb. 3, 2017).

24. Defendants called Plaintiff's cellular telephone number from (800) 823-2318, a number assigned to Medicredit, Inc.

25. Defendants placed all of the above-referenced calls in an effort to contact and collect a debt allegedly owed by a third party, unknown to Plaintiff, named "Gloria".

26. On multiple occasions, Plaintiff answered Defendants' calls and spoke to one of Defendants' employees.

27. Plaintiff explained that Defendants had the wrong number, and that he did not know the person Defendants were calling for.

28. Plaintiff also instructed Defendants to stop calling him.

29. No matter, despite Plaintiff's demands that the calls stop, and despite informing Defendants that it was calling the wrong person, Defendants continued to place calls to Plaintiff's cellular telephone number.

30. Upon answering several of Defendants' calls, a noticeable pause greeted Plaintiff before being connected with a live customer service representative.

31. In addition, Plaintiff was greeted with a prerecorded message on some of the calls.

32. Upon information and good faith belief, and in light of the frequency, character, large number, and nature of the calls, Defendants placed their calls to Plaintiff's cellular telephone number using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

33. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendants placed their calls to Plaintiff's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the

5

following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

34. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendants placed their calls to Plaintiff's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

35. Upon information and good faith belief, Defendants utilize hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial telephone numbers without human intervention.

36. Upon information and good faith belief, Defendants used such hardware and software to place the calls at issue to Plaintiff's cellular telephone number.

37. Defendants did not have Plaintiff's prior express consent to make any calls to his cellular telephone number.

38. Rather, Defendants were attempting to reach a third party named Gloria who is unknown to Plaintiff.

39. Plaintiff never provided his cellular telephone number to Defendants.

40. Plaintiff never had any business relationship with Defendants.

41. Defendants did not place any calls to Plaintiff's cellular telephone number for emergency purposes.

42. Upon information and good faith belief, Defendants placed the calls to Plaintiff at issue willfully and knowingly in that they consciously and deliberately made the calls referenced herein.

43. Upon information and good faith belief, Defendants had knowledge that they were using, and intended to use, an automatic telephone dialing system to place the calls at issue to Plaintiff.

44. Plaintiff suffered harm as a result of Defendants' telephone calls at issue in that he suffered an invasion of his privacy, an intrusion into his life, and a private nuisance.

45. As well, Defendants' telephone calls at issue depleted or consumed, directly or indirectly, Plaintiff's cellular telephone minutes, for which he paid a third party.

46. Additionally, the unwanted calls at issue unnecessarily tied up Plaintiff's telephone line.

47. As a result of unwanted calls to his cellular telephone, Plaintiff activated a call blocking application for which he pays a monthly fee.

## Class Action Allegations

48. Plaintiff bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and two classes of similarly situated individuals as defined below:

### TCPA Class

> All persons and entities throughout the United States (1) to whom Medicredit, Inc. or Parallon Business Solutions, LLC placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (5) from July 14, 2015 through and including the date of class certification, (6) absent prior express consent—in that the called party was not the intended recipient of the calls.

### FDCPA Class

> All persons and entities throughout the United States (1) to whom Medicredit, Inc. placed, or caused to be placed, calls, (2) within one year preceding the date of this complaint through and including the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after the called party informed Medicredit, Inc. that it was calling the wrong person.

Excluded from the classes are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

49. The proposed classes are so numerous that, upon information and belief, joinder of all members is impracticable.

50. The exact number of members of the classes is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.

51. The proposed classes are ascertainable because they are defined by reference to objective criteria.

52. In addition, and upon information and belief, the cellular telephone numbers of all members of the classes can be identified in business records maintained by Defendants and third parties.

53. Plaintiff's claims are typical of the claims of the members of the classes because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendants, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

54. Like all members of the proposed TCPA Class, Plaintiff received telephone calls from Defendants using an automatic telephone dialing system, without his consent, in violation of 47 U.S.C. § 227.

55. Further, like all members of the proposed FDCPA Class, Plaintiff received telephone calls from Defendants in connection with the collection of a consumer debt that he did not owe, after informing Defendants that they were calling the wrong person.

56. Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation. Plaintiff's counsel was previously certified as class counsel in a TCPA class action against Medicredit, Inc.

57. Plaintiff has no interests that are contrary to or in conflict with the members of the classes that he seeks to represent.

58. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

59. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

60. There will be little difficulty in the management of this action as a class action.

9

61. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to each class.

62. Among the issues of law and fact common to the classes are:

   a. Defendants' violations of the TCPA as alleged herein;

   b. Defendants' violations of the FDCPA as alleged herein;

   c. Defendants' use of an automatic telephone dialing system;

   d. Defendants' practice of making calls to wrong or reassigned telephone numbers;

   e. Defendants' practice of continuing to call consumers after being informed it is calling the wrong number;

   f. Medicredit, Inc.'s status as a debt collector as defined by the FDCPA; and

   g. the availability of statutory damages.

63. Absent a class action, Defendants' violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 63.

65. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, without his consent.

66. As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the TCPA Class are entitled to damages in an amount to be proven at trial.

### Count II: Violations of 15 U.S.C. § 1692d and § 1692d(5)

67. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 63.

68. Medicredit, Inc. violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of consumer debts.

69. Medicredit, Inc. violated 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring repeatedly or continuously, and by engaging Plaintiff in telephone conversations repeatedly or continuously, with intent to annoy, abuse, or harass Plaintiff at the called number.

70. Medicredit, Inc. did so by repeatedly dialing Plaintiff's cellular telephone number after being informed it was calling the wrong person and after being instructed to stop calling.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendants from continuing to place calls to Plaintiff's cellular telephone number, from placing calls to consumers' cellular telephone numbers by using an automatic telephone dialing system without the prior express consent of the consumers, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Adjudging that Medicredit, Inc. violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5), and enjoining Medicredit, Inc. from further violations of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) with respect to Plaintiff and the other members of the FDCPA Class;

(d) Awarding Plaintiff and members of the TCPA Class actual damages, or statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

  (e)  Awarding Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k;

  (f)  Awarding Plaintiff and members of the classes their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

  (g)  Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: February 3, 2017

*/s/ Anthony LaCroix*
Anthony LaCroix
LaCROIX LAW FIRM, LLC
406 W. 34th Street, Suite 810
Kansas City, MO  64111
Telephone:  816.399.4380
Tony@lacroixlawkc.com

Michael L. Greenwald*
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 826-5477
(561) 961-5684 (Fax)
mgreenwald@gdrlawfirm.com

* To seek admission *pro hac vice*

Counsel for Plaintiff and the proposed classes

12