IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD HORNBERGER, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:17-cv-00409 SNLJ ) |
| MEDICREDIT, INC. and PARALLON BUSINESS SOLUTIONS, LLC, | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MEMO IN SUPPORT OF THEIR MOTION TO DISMISS AS TO PARALLON BUSINESS SOLUTIONS, LLC AND/OR MOTION TO STRIKE CLASS ALLEGATIONS AS TO ALL DEFENDANTS**

**I.  PRELIMINARY STATEMENT**

Defendants Medicredit, Inc. ("Medicredit") and Parallon Business Solutions, LLC ("Parallon") respectfully submit this memorandum in support of their motion to dismiss all allegations against Parallon and to strike all allegations against Parallon and Medicredit relating to the certification of a class action.

The complaint submitted by plaintiff Todd Hornberger ("Plaintiff") suffers from four fundamental deficiencies.

*First*, all claims against Parallon should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") because the Complaint improperly names Parallon as a defendant. Plaintiff alleges that he was improperly autodialed in connection with the collection of a debt, in violation of the Telephone Consumer Protection Act ("TCPA") and Fair Debt Collection Practices Act ("FDCPA"). However, Plaintiff makes no factual allegations with respect to Parallon's conduct at all. Plaintiff's specific allegations regarding autodialing relate

only to Medicredit. Plaintiff alleges that Medicredit has a Public Utility Commission of Texas Automatic Dial Announcement Device permit and that he was called by a telephone number assigned to Medicredit. Moreover, Plaintiff alleges that Medicredit is a debt collector, as defined by the FDCPA. Lacking factual allegations against Parallon, Plaintiff instead impermissibly seeks to impute to Parallon the alleged TCPA and FDCPA violations by Medicredit. Parallon, however, is an entity several subsidiaries removed from Medicredit. Plaintiff has not and cannot plead any basis on which to pierce one, let alone multiple, corporate veils. As Plaintiff has pled no specific allegations with regard to how Parallon purportedly violated the TCPA and FDCPA, all of Plaintiff's allegations with respect to Parallon should be dismissed.

*Second*, Plaintiff's class allegations should be struck pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Rule 12(f)") because the class definitions alleged by Plaintiff on their face are not certifiable. Both Plaintiff's TCPA and FDCPA class definitions are essentially predicated on Defendants' allegedly autodialing wrong numbers. But there can be no class-wide basis to determine whether the wrong person was called. Plaintiff appears to assume that wrong number determinations can be made based on the call recipient self-reporting that he or she is not the person being sought by the caller. Yet such denials are often false, particularly where people are being called by an entity like Medicredit that seeks to collect on an outstanding debt. Moreover, in many cases, an admission form may be filled out by a friend or family member of the patient, and the person filling out the form may supply her own number. In that circumstance, the person that filled out the admission form may well have consented to being autodialed even if she was not the debtor. For each telephone number that was autodialed, the only way to determine whether the call recipient was the debtor or otherwise consented to being autodialed is to have a mini-trial. Under Rule 23(b)(3) of the Federal Rules of Civil Procedure

("Rule 23(b)(3)"), a class cannot be certified where, as here, individual issues predominate over class-wide issues.

Plaintiff also cannot satisfy Rule 23(b)(3)'s superiority requirement because an individual action is the proper way for a party like Plaintiff to seek redress for a "wrong number" action. Congress contemplated that individuals could bring actions under the TCPA and FDCPA and provided monetary remedies that individuals could pursue under each statute. An individual action obviates the need to address the complex class-wide consent issues that are raised by medical debt collection.

*Third*, Plaintiff cannot satisfy the Rule 23 ascertainability requirement. The consent issues described above require mini-trials with respect to each telephone number in the putative class and there is no administratively feasible way of determining whether Medicredit autodialed the correct person or whether the call recipient otherwise consented to being autodialed.

In the alternative, Plaintiff's class allegations with respect to the TCPA should be struck now pursuant to Rule 12(f) because they are duplicative of at least one class action, *Rajesh Verma v. NPAS, Medicredit & Memorial Healthcare Group*, No. 3:16-cv-00427-HLA-JRK, pending in the Middle District of Florida ("Verma") that was filed one year earlier. It would be inefficient to permit duplicative class claims to proceed in this action, particularly because there is a pending motion for class certification in Verma that will determine whether class action treatment is appropriate for a nearly indistinguishable TCPA claim.

## II. BACKGROUND

Plaintiff filed this action on February 3, 2017 alleging that his cellular telephone was autodialed by a number from (800) 832-2318, a number assigned to Medicredit. Compl. ¶ 24. Plaintiff alleges that the caller sought to collect on a debt owed by a third party. *Id.* ¶ 14.

Plaintiff's allegations principally relate to Medicredit:

- Plaintiff alleges that Medicredit is a debt collector. *Id.* ¶¶12-13.

- Plaintiff alleges that Medicredit has a Public Utility Commission of Texas Automatic Dial Announcing Device Permit. *Id.* ¶ 20.

- Plaintiff alleges that he was autodialed by a cellular telephone number assigned to Medicredit.  *Id.* ¶ 24.

- Plaintiff's FDCPA allegations mention only Medicredit. *Id.* ¶ 48.

Plaintiff does not allege that Parallon is a debt collector or that he was ever autodialed by a cellular telephone number owned by Parallon.  Instead, Plaintiff alleges that Parallon owns Medicredit.  Compl. ¶ 14.

Based on these allegations, Plaintiff seeks to certify two classes:

> **TCPA Class**:  All persons and entities throughout the United States (1) to whom Medicredit, Inc. or Parallon Business Solutions, LLC, placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (5) from July 14, 2015 through and including the date of class certification, (6) absent prior express consent—in that the called party was not the intended recipient of the calls.
>
> **FDCPA Class:**  All persons and entities throughout the United States (1) to whom Medicredit, Inc. placed, or caused to be placed, calls (2) within one year preceding the date of this complaint through and including the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after the called party informed Medicredit, Inc. that it was calling the wrong person.  *Id.* ¶ 48.

## III.  ARGUMENT

A.  **The Allegations With Respect to Parallon Should Be Dismissed Pursuant to Rule 12(b)(6) Because Plaintiff Does Not Plead Facts Sufficient to Support the Allegation that Parallon Violated the TCPA or FDCPA.**

Plaintiff's allegations with respect to Parallon should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has failed to satisfy the basic requirement of pleading "enough facts to state a claim to relief" under the TCPA and FDCPA that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citation omitted).  A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), cert. denied, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555–56 & n.3).

Here, Plaintiff has pled no specific facts alleging that Parallon committed any violations.  Instead, all of Plaintiff's factual allegations relating to purported TCPA and FDCPA violations relate only to Medicredit.  Plaintiff alleges that Medicredit is a debt collector; Medicredit holds an autodialing license; and Medicredit autodialed him seeking to collect on a debt.  By contrast, Plaintiff makes no similar specific allegations with respect to Parallon.  Instead, Plaintiff merely quotes from statements on Parallon's website and makes non-specific references to alleged misconduct by "Defendants," a term that Plaintiff defines to include Parallon.  Under these circumstances, the only reasonable conclusion that can be drawn from Plaintiff's complaint is that he was autodialed by Medicredit.  Plaintiff has not offered any basis to establish that it is "facially plausible" that Parallon engaged in violations alleged in the complaint. *Twombly*. 550

U.S. 544 at 547.  Under these circumstances, Plaintiff's allegations with respect to Parallon should be dismissed.

Plaintiff cannot justify his allegations with respect to Parallon on the basis that it purportedly owns Medicredit.  In fact, Parallon does not directly own Medicredit – there are multiple subsidiaries in between the two entities.  "It is a general principle of corporate law deeply 'ingrained in our economic and legal system' that a parent corporation . . . is not liable for the acts of its subsidiaries."  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (citation omitted); *see also Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 270 (D. Del. 1989); *Calon v. Bank of Am. Corp.*, No. 14-00913-CV-W-FJG, 2015 WL 3948171 (W.D. Mo. June 29, 2015) ("To bring a valid claim against [the parent company] that will survive a motion to dismiss, the Plaintiff must allege facts that implicate [the parent] directly."); *Garza v. Citigroup Inc.*, 192 F. Supp. 3d 508, 513 (D. Del. 2016) ("A parent company is not liable for the actions of a subsidiary solely because of the parent-subsidiary relationship.").  Plaintiff has not and cannot overcome this principle of black letter law by alleging that Medicredit engaged in conduct that would warrant piercing multiple corporate veils.  Courts routinely dismiss cases where a party attempts what Plaintiff is trying to do here, *i.e.*, trying to hold one corporate entity liable for the acts of a separate entity in the corporate "family."  *See, e.g.*, *Calon* 2015 WL 3948171 at *4 (granting Rule 12(b)(6) motion to dismiss because plaintiff failed to allege any facts that would establish liability on part of parent company); *Mobile Oil*, 718 F. Supp. 260 at 271 (dismissing claims because plaintiff failed to establish parent company's liability).  Plaintiff's allegations with respect to Parallon must thus be dismissed as well.

### B. Plaintiff's Class Allegations Should Be Struck Pursuant to Rule 12(f).

Plaintiff's class allegations should be struck pursuant to Rule 12(f) because Plaintiff cannot satisfy multiple Rule 23 requirements.

#### 1. Plaintiff's Class Definition Does Not Satisfy Rule 23(b)(3) Because Individual Issues Predominate and an Individual is a Superior Means of Resolving Plaintiff's Claim.

It is clear on the face of Plaintiff's alleged class definition that individual issues predominate over class-wide issues and a class cannot be certified. *See, e.g.*, *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-221 (CEJ), 2013 WL 275568, at *5 (E.D. Mo. Jan. 24, 2013) (striking class allegations because plaintiff did not adequately plead that Rule 23(b)(3) requirements were satisfied); *Bennett v. Nucor Corp.*, No. 3:04-cv-00291 (SWW), 2005 WL 1773948, at *4 (E.D. Ark. July 6, 2005) (striking class allegations because plaintiff could not plead that he was an adequate representative pursuant to Rule 23(a)(4)).

It is Plaintiff's burden to establish each of the elements of a class action, including the Rule 23(b)(3) requirement that individualized issues must predominate over class-wide issues. *See, e.g.*, *Blades v. Monsanto Co.*, 400 F.3d 562, 569 (8th Cir. 2005) ("In seeking class certification, plaintiffs have the burden of demonstrating that, as required by Rule 23(b)(3), 'questions of law or fact common to the members of the class predominate over any questions affecting only individual members.'"). A court cannot certify a class if individualized issues predominate. *See, e.g.*, *In re St. Jude Med., Inc*., 522 F.3d 836, 841-842 (8th Cir. 2008) ("[W]e think it is clear that the common issues do not predominate over individual issues… [Therefore] we reverse the class certification order of the district court."); *Blades*, 400 F.3d 562 at 575 (district court properly declined to certify class where individual issues predominated).

The class allegations made by Plaintiff necessarily require individualized determinations. With respect to the TCPA class, the key element of Plaintiff's definition is "absent prior express consent – in that the called party was not the intended recipient of the calls."  Compl. ¶ 48. Similarly, with respect to the FDCPA class, the key definitional element relied on by Plaintiff states "after the called party informed Medicredit, Inc. that it was calling the wrong entity."  *Id.* There is no possible way to determine on a class-wide basis which putative class members satisfy the requisite criteria.

For the TCPA class, Plaintiff recognizes that if Medicredit autodialed the "intended recipient" of the call, there is no TCPA violation.  *See, e.g.*, *Elkins v. Medco Health Sols., Inc.*, No. 4:12CV2141 TIA, 2014 WL 1663406, at *5 (E.D. Mo. Apr. 25, 2014) ("[T]here is no violation of the TCPA if the called party provided his or her express consent to receive auto-dialed or prerecorded message calls on his or her cellular phone.").  Thus, to establish putative class membership, there must be some way to determine whether or not the call recipient was in fact the "intended recipient" of the call – in which case there is consent and no liability – or whether the wrong number was autodialed, in which case there is no consent.  Likewise, to meet Plaintiff's FDCPA class definition, each putative class member must be telling the truth when he or she is reporting that Medicredit was calling the "wrong entity."

Plaintiff cannot simply rely on the call recipient's allegation that the wrong person was being called because there is no class-wide method of determining whether that assertion is accurate.  It is entirely plausible that recipient of a call from a debt collection entity like Medicredit would falsely assert that he or she was not the intended target of a call in order to avoid talking to a debt collector.  Moreover, admission forms on medical facilities are often filled out by a friend or family member and that person may supply her own telephone number

on the admissions form. Under such circumstances, the person that filled out the admission form may have consented to her cellular telephone number being autodialed even if she was not the debtor. The only way to determine whether the assertion that a "wrong number" was called is correct is to conduct a mini-trial with respect to each such call. Those are precisely the circumstances under which individual issues predominate and a class cannot be certified. *See, e.g.*, *Lindsay Transmission*, 2013 WL 275568, at *5 ("Determining class membership will require the kind of individualized determinations – the absence of prior consent and the absence of a prior business relationship – precluded by Rule 23"); *see also Gene & Gene LLC v. Biopay LLC*, 541 F.3d 318, 328-29 (5th Cir. 2008) (district court erred in certifying TCPA class because "there is no class-wide proof available to decide consent and only mini-trials can determine this issue"); *Shamblin v. Obama for America, DNS Services Corp.*, No. 8:13-cv-2428-T-33TBM, 2015 WL 1909765, at *11-12 (M.D. Fla. Apr. 27, 2015) (same); *Bright v. Asset Acceptance, LLC*, 292 F.R.D. 190, 202 (D.N.J. 2013) (declining to certify FDCPA class because individual issues predominate).

      Plaintiff also cannot satisfy Rule 23(b)(3) because an individual action is the most efficient and practical way to address Plaintiff's "wrong number" allegation, meaning that a class action is <u>not</u> "superior to other available methods for the fair and efficient adjudication of the controversy." When Congress passed the TCPA and FDCPA, it specifically made monetary damages recoverable for individual claims. *See* 47 U.S.C. § 227(b)(3) (under TCPA individuals can recover damages of $500 or $1,500); 15 U.S.C. § 1692k(a) (under FDCA, individuals can recover damages of $1,000). Were Plaintiff to bring this claim as an individual action, it would obviate the need to address on a class-wide basis the issue of consent, which is particularly complex in the context of medical debt collection for the reasons described above.

### 2. Plaintiff's Class Definition Does Not Satisfy Rule 23's Ascertainability Requirement.

The consent issues described above also make it impossible for Plaintiff to satisfy Rule 23's ascertainability requirement. In order to establish ascertainability, a plaintiff must demonstrate that a class definition is "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Dumas v. Albers Med., Inc.*, No. 03-0640-CV-W-GAF, 2005 WL 2172030 at *5 (W.D. Mo. Sept. 7, 2005). "Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-221 CEJ, 2013 WL 275568, at *4 (E.D. Mo. Jan. 24, 2013). Plaintiff cannot satisfy the ascertainability requirement because there is no administratively feasible method of conducting mini-trials with respect to each telephone call recipient that claims she received a "wrong number" call from Medicredit.

### C. Plaintiff's TCPA Allegations Should Also Be Struck Because They Are Duplicative of the Allegations in *Verma*.

Alternatively, Plaintiff's TCPA allegations should be struck because it is substantively duplicative to the putative class definition in *Verma*, a case that was filed one year ago. In *Verma*, a motion for class certification is currently pending.

In both this case and *Verma*, the plaintiffs seeking to certify substantively the same TCPA class: individuals that have received "wrong number" calls from Medicredit since July 14, 2015. *See Verma* Mot. For Class Certification at 7-8, ECF Doc. 49 ("[L]ike every other class member, Plaintiff's number was noted as the "wrong number" for the account holder in Defendants' records . . . ." *Id.* at 15.) It would be a waste of resources and inefficient to require the parties to proceed with class procedures regarding the TCPA claim in this action where those

issues will soon be determined in a more developed proceeding in another court. Under such circumstances, a later-filed class action can be dismissed. *See, e.g.*, *See, e.g.*, *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287 (D. Kan. 2010) (dismissing claims that were duplicative of previously filed class action in a different district court where class already certified). In any event, should this matter survive dismissal, the Court should take this duplication into account in order to ensure efficient case management.

## IV.  CONCLUSION

For the foregoing reasons, Defendant Parallon respectfully requests that the Court dismiss the claims against it with prejudice. Likewise, both Parallon and Medicredit request that the Court strike the class allegations made against it in the Complaint.

Respectfully submitted,

SPENCER FANE LLP

By: /s/ Scott J. Dickenson
  Scott J. Dickenson  #50478MO
  Megan D. Meadows  #60669MO
  Erik O. Solverud  #44291MO
  1 N. Brentwood Blvd., Suite 1000
  St. Louis, MO 63105
  (314) 863-7733 (Telephone)
  (314) 862-4656 (Facsimile)
  sdickenson@spencerfane.com
  mmeadows@spencerfane.com
  esolverud@spencerfane.com

*Attorneys for Defendants*

## Certificate of Service

    The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on March 29, 2017, which will send notice to:

Anthony LaCroix
LaCroix Law Firm, LLC
406 W. 34th Street, Suite 810
Kansas City, MO 64111

Michael L. Greenwald
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431

*Attorneys for Plaintiff*

                                                                /s/ Scott J. Dickenson