UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEREMY AVILES, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | Consolidated Case |
| v. ) | No. 4:16CV01138 ERW |
| ) | |
| MEDICREDIT, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |
| ) | |
| TODD HORNBERGER, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | |
| MEDICREDIT, INC. ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Consolidate [ECF No. 51]. Plaintiffs Jeremy Aviles and Rachel Catala ("Plaintiffs")[1] seek to consolidate this matter with *Hornberger v. Medicredit Incorporated*, 4:17CV409 SNLJ, currently pending before the Honorable Stephen N. Limbaugh, Jr. The plaintiffs in *Hornberger* have consented to the consolidation.

Federal Rule of Civil Procedure 42 allows for consolidation of matters which involve a common question of law or fact. "Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights

---

[1] At the time the motion was filed, the plaintiff in this matter was Jason Martin. Subsequent to the motion being filed, the Court granted Plaintiff's motion to amend which substituted Jason Martin as Plaintiff for Jeremy Aviles and Rachel Catala.

1

of the parties, or make those who are parties in one suit parties in another." *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (quoting *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97 (1933)). The party seeking consolidation has the burden of showing the commonality of factual and legal issues. *PB & J Software, LLC v. Acronis, Inc.*, No. 4:12-CV-690 SNLJ, 2012 WL 4815132 at *2 (E.D. Mo. Oct. 10, 2012) (citing *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)). Consolidation is not appropriate if it "leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

There are common issues of law and fact between these two matters which permits consolidation. Both cases involve plaintiffs who received telephone calls from automatic dialing systems who informed Defendant Medicredit to stop calling this number. Although there are some factual differences between the plaintiffs, they are not so numerous as to override the common issues. Defendant Medicredit asserts the plaintiffs in the *Hornberger* case would not fit into any of the class definitions proposed in this matter. However, both plaintiffs would fit into the proposed "Do Not Call" class, because their cell phone numbers were allegedly called through the use of an automatic telephone dialing system after they informed Defendant Medicredit to stop calling. The Court finds consolidation is appropriate in this circumstance, because it will promote efficiency and there are common issues of law or fact between the two cases.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Consolidate [ECF No. 51] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case shall be **CONSOLIDATED** with *Hornberger v. Medicredit Incorporated*, 4:17CV409 SNLJ, under Case No. 4:16CV1138 ERW for all

remaining pretrial proceedings and trial. All future pleadings shall be filed as Consolidated Case No. 4:16CV1138 ERW, with the consolidated caption set forth above.

**IT IS FURTHER ORDERED** that *Hornberger v. Medicredit Incorporated*, 4:17CV409 SNLJ shall be administratively closed.

**IT IS FURTHER ORDERED** that this Order shall be docketed in both *Hornberger v. Medicredit Incorporated*, 4:17CV409 SNLJ and *Aviles v. Medicredit Inc.*, 4:16CV1138 ERW.

So Ordered this 4th day of May, 2017.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE